■ SCIENTIFIC POLLUTION CONTROL CORP., Respondent, v JOY MANUFACTURING CO., Respondent, and CONSOLIDATED EDISON CO. OF NEW YORK, Appellant. Judgment of the Supreme Court, New York County, entered May 23, 1975, unanimously affirmed, with one bill of $60 costs and disbursements to respondents. This action was properly brought under section 77 of article 3-A of the Lien Law, which permits a court to enforce for a subcontractor's benefit, a general contractor's claim for payment under a contract with the owner of property. The charge of the court informed the jury that the contract price was based upon "continuous and uninterrupted construction period and will be subject to adjustment if interruptions beyond the control

of the contractor, should occur." It was upon this claim for adjustment that suit was brought. It is now asserted for the first time that respondent Scientific, the subcontractor, misled the trial court in stating that the contract between the contractor (Joy) and Scientific incorporated the same terms and conditions as the contract between Joy and appellant Consolidated Edison, the owner. Appellant claims that in fact the contract between Scientific and Joy contained an exculpatory clause precluding any claim by Scientific against Joy by reason of any delay to Scientific caused by any act or failure to act of Joy or by any cause whatsoever, and that recovery by respondent against appellant is thereby barred herein. It is conceded that trial counsel at no time directed said exculpatory clause to the attention of the trial court. Moreover, appellant's counsel failed to take exception to that portion of the court's charge regarding the theory under which the case was submitted to the jury. No exception to this charge having been taken, it may not now be questioned upon appeal, nor is there a legal basis for agreeing with appellant that under the circumstances the judgment should be reversed "in the interest of justice." We find the evidentiary rulings of the trial court now challenged by appellant were proper. We have considered the claim by appellant that the court confused the jury in its charge concerning the rule of law on the question of the applicability of rule 23 of the Industrial Code (12 NYCRR Part 23), to the operation of the "cherry pickers." During a later portion of the charge, the court corrected any error which may have occurred. We find in the circumstances of this case that the jury understood the thrust of the entire charge. We conclude that any possible confusion which occurred was insufficient to obscure the principal issues involved. Concur—Markewich, J. P., Kupferman, Lupiano, Birns and Capozzoli, JJ.